# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **LEROY OWENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:14-cv-26939 |
| ) | |
| **JASON SIMMONS,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On October 16, 2014, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (Document No. 1.) and Complaint (Document No. 4.) seeking relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] Plaintiff names the following as Defendants: (1) Inmate Jason Simmons; (2) Warden Joe Coakley; (3) Correctional Officer Romano; and (4) Correctional Officer Frozen. (Document No. 4.) Having considered Plaintiff's claims upon screening under 28 U.S.C. § 1915A, the undersigned has determined that Plaintiff's Bivens claim against Inmate Simmons should be dismissed and this matter should be referred back to the undersigned for further proceedings upon Plaintiff's Bivens claim against the remaining Defendants.

## PROCEDURAL AND FACTUAL BACKGROUND

Essentially, Plaintiff claims that Defendants have violated his rights under the Eighth Amendment. (Document No. 4.) Plaintiff alleges that on May 12, 2014, he was attacked by Inmate

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Jason Simmons while in the recreation yard at FCI Beckley. (Id.) Plaintiff explains that Inmate Simmons hit him in the face with a closed fist because Plaintiff had failed to shake Inmate Simmons' hand earlier in the day. (Id.) Plaintiff contends that he suffered a broken jaw, which required surgery. (Id.) Plaintiff further complains that Correctional Officers Romano and Frozen were not properly patrolling the area at the time of the attack. (Id.) As relief, Plaintiff requests monetary damages. (Id.)

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1832. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. A complaint is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981)(*in forma pauperis* complaint threatening violence or containing

disrespectful references to the Court may be dismissed as malicious.); Phillips v. Carey, 638 F.2d 207 (10th Cir. 1981), cert denied, 450 U.S. 985, 101 S.Ct. 1524, 87 L.Ed.2d 821 (1981). Thus, a complaint is malicious under Section 1915(d) if it is repetitive or evidences an intent to vex the defendant(s) or abuse the judicial process by relitigating claims decided in prior cases. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Based upon the foregoing, the undersigned finds that Plaintiff fails to state a Bivens claim against Inmate Simmons. Clearly, Inmate Simmons is not a federal agent, who was acting under color of federal law. Accordingly, Plaintiff's Bivens action against Inmate Simmons should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and

accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Bivens claim against Inmate Simmons and **REFER** this matter back to the undersigned for further proceedings upon Plaintiff's Bivens claim against the remaining Defendants.

Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: October 20, 2014.

R. Clarke VanDervort
United States Magistrate Judge