# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

LEROY OWENS,

          Plaintiff,

v.                                                CIVIL ACTION NO.   5:14-cv-26939

JOE COAKLEY, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Complaint* (Document 4), wherein he sets forth claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). By *Standing Order* (Document 5) entered on October 16, 2014, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. For reasons appearing to the Court, the Court **ORDERS** that the reference to the Magistrate Judge be **WITHDRAWN**.

The Court has reviewed the *Defendants' Motion to Dismiss* (Document 20), the *Defendants' Memorandum of Law in Support of Motion to Dismiss* (Document 21), the Plaintiff's *Response* thereto (Document 24), and all attached exhibits. For the reasons stated herein, the Court finds that the Defendants' motion to dismiss should be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff alleges that he was attacked by another inmate, Mr. Simmons, while in the recreation yard at FCI Beckley on May 12, 2014. He asserts that Mr. Simmons punched him in the face repeatedly, and he suffered a broken jaw that required surgery. He further asserts that Correctional Officers Romano and Frozen were not properly patrolling the recreation yard.

The Plaintiff initially brought suit against Inmate Jason [Justin] Simmons, Warden Joe Coakley, Correctional Officer Romano, and Correctional Officer Frozen.[1] On initial screening pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommended dismissal of the case as to Inmate Simmons because he was not a federal agent acting under color of federal law, as required for *Bivens* relief. (*See* PF&R at 3, Document 7.) The Court adopted the recommendation with no objection. (*See* Mem. Opinion and Order, Document 17.)

The Defendants filed the instant motion to dismiss (Document 20) on December 19, 2014. The Magistrate Judge issued a notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of his right to respond to the motion and to submit responsive evidence. The Plaintiff filed his response on January 16, 2015.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

1 According to the Defendants, there is no staff member with the last name Frozen at FCI Beckley. (Mem. in Supp. of Mot. to Dismiss at 2, note 2.)

R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff

3

to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

Because the Plaintiff is acting *pro se,* his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## DISCUSSION

The Defendants move to dismiss, asserting that the Plaintiff failed to exhaust administrative remedies and has not adequately stated a claim against Defendant Coakley. They assert that the complaint contains no specific allegations against Defendant Coakley, and indeed, could not, as Mr. Coakley was not the Warden at FCI Beckley on the date of the incident. (Def.'s Mem. at 9–10.) They attached documents recounting the Plaintiff's administrative claim and appeals. The Plaintiff submitted the initial claim on a BP-9 form on June 27, 2014. (Adm. Remedy Retrieval at 2) (att'd as Ex. C to Def.'s Mot.) (Document 20-4) (*see also* Dec. of S. Wahl at 2) (Att'd as Ex. 1 to Def.'s Mot.) (Document 20-1.) That claim was denied as untimely because it was submitted more than twenty (20) days after the May 12, 2014 incident, and the Plaintiff was advised that his claim was unclear and failed to specify any type of relief. (*Id.*)

He appealed the rejection on form BP-10 on July 21, 2014. (Dec. of S. Wahl at 2.) The Regional Office rejected the appeal for failure to provide a copy of the BP-9 request, a receipt, or

a verified photocopy. (*Id.*) On August 1, 2014, the Plaintiff re-submitted the appeal, but it was again rejected. (*Id.* at 3.) On August 26, 2014, he appealed the remedy request to the Central Office. It was rejected for being untimely, being filed at the wrong level, and because the Central Office concurred with the institution. The Plaintiff was advised to correct the deficiencies and obtain a staff memo providing a reason for the untimeliness. Ms. Wahl indicates that the Plaintiff has filed no further remedies since that time. (*Id.*)

The Defendants argue that inmates are precluded "from filing untimely or otherwise procedurally defective administrative grievances or appeals and then pursuing a lawsuit alleging the same conduct raised in the grievance." (Def.'s Mem. at 6.) Thus, they argue that he has failed to properly exhaust his administrative remedies.

The Plaintiff's brief response merely reiterates the facts of his assault and subsequent medical treatment, with no mention of his attempts to seek administrative relief. (Pl.'s Resp.)

*Bivens* established a cause of action against federal officials for the violation of an individual's Constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Plaintiff's claim, construed as a claim that the Defendants violated his Eighth Amendment rights by failing to respond appropriately to his assault, is therefore analyzed under *Bivens*. The PLRA bars actions by inmates "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 520 (2002) (holding that the "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences" including incidents of assault). The United States Supreme Court has held that the PLRA requires "proper exhaustion," including compliance with the procedures and deadlines established by the prison. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The Federal Bureau of Prisons (BOP) has established an Administrative Remedy Program for inmates with complaints related to their confinement. 28 C.F.R. § 542.10, *et. seq.* The process generally begins with an informal "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. Within twenty (20) days after the incident or circumstance complained of, the inmate must (a) complete the informal resolution attempt and (b) submit a formal written Administrative Remedy Request on Form BP-9. *Id*. § 542.14(a). A filing extension may be permitted if "the inmate demonstrates a valid reason for delay." *Id.* § 542.14(b). Any appeal must be submitted to the Regional Director on Form BP-10 within twenty (20) days of the Warden's response to the Administrative Remedy Request. *Id.* § 542.15. Inmates may appeal the Regional Director's response to the General Counsel within thirty (30) days, using Form BP-11. *Id.* The administrative remedy process is exhausted after the General Counsel issues a ruling. *Id.*

The Court finds that the Plaintiff's claim must be dismissed for failure to exhaust administrative remedies. The administrative record provided by the Defendants indicates that the Plaintiff filed his administrative claim beyond the twenty (20) day deadline, and made no attempt to justify the untimeliness. His response herein, likewise, makes no attempt to justify the untimeliness of his administrative complaint. Exhaustion of administrative remedies requires compliance with the procedures and deadlines imposed by the institution. Therefore, the Defendant's motion to dismiss must be granted.

## CONCLUSION

WHEREFORE, following thorough review and careful consideration, the Court **ORDERS** that the reference of this matter to the Magistrate Judge be **WITHDRAWN**, that the *Defendants'*

*Motion to Dismiss* (Document 20) be **GRANTED**, that the Plaintiff's *Complaint* (Document 4) be **DISMISSED**, and that this matter be **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge R. Clarke VanDervort, counsel of record and to any unrepresented party.

ENTER: September 18, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA